IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. **08-30139-GPM** |
| | ) | |
| **JOSEPH DIEKEMPER,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER of DETENTION

**PROUD, Magistrate Judge:**

This matter is now before the court on the Government's Motion to Revoke Bond. **(Doc. 16).**

On June 27, 2008, defendant Joseph Diekemper was released on bond pending trial. **(Doc. 10)**. Pursuant to condition number 7(g), defendant is prohibited from possessing any firearms or weapons while on bond. The government alleges that defendant has violated this condition in that he possesses two firearms, a .22 caliber rifle and a 243 Winchester rifle.

18 U.S.C. § 3148 mandates that an order of revocation and detention be entered if the Court:

> (1) finds that there is–
>   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release;  or
>   (B) clear and convincing evidence that the person has violated any other condition of release;  and
> (2) finds that–
>   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community;  or
>   (B) the person is unlikely to abide by any condition or combination of conditions of release.
> If there is probable cause to believe that, while on release, the person

> committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

**18 U.S.C. § 3148(b).**

The court held an evidentiary hearing on July 3, 2008. The government presented testimony from F.B.I. Special Agent Michael Meyer, and the court called U.S. Probation Officer George Howard. The government and defendant then proceeded by way of proffer.

The court finds by clear and convincing evidence that defendant has possessed firearms in violation of the conditions of his bond. The court has reviewed a transcript of the arraignment, which took place on June 27, 2008. At that time, the court discussed with defendant the fact that he is not permitted to possess firearms while on bond. Defendant told the court that he had no firearms, and that he had given his guns to his son. Following the processing of his bond, he made the same statement to the U.S. Probation Officer who is supervising him. However, the Government presented evidence that defendant had gotten the rifles back from his son in January of 2008. During the defense proffer, counsel indicated to the court that defendant did have the firearms in his possession at the time of the arraignment, and afterwards, but suggested that defendant had merely forgotten about them. Thus, defendant's statements to the court and to his supervising officer denying that he possessed guns was false.

The court finds, based on the factors set forth in 18 U.S.C. §3142(g), that no condition or combination of conditions will assure that Joseph Diekemper will not pose a danger to the safety of any other person or the community. In the present circumstances, this court finds that it is

unlikely that defendant will abide by the conditions of his release.

**IT IS THEREFORE ORDERED** that the Government's Motion to Revoke Bond **(Doc. 16)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant, Joseph Diekemper , be committed to the custody of the Attorney General for confinement in a corrections facility; and that the defendant be afforded reasonable opportunity for private consultation with his counsel; and that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

**IT IS SO ORDERED.**

**DATED: July 3, 2008.**

    s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**